# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMUEL LAMAR WESLEY,

    Petitioner,

vs.

BRIAN E. WILLIAMS,

    Respondent.

Case No. 2:08-CV-00791-RLH-(GWF)

**ORDER**

    Petitioner has paid the filing fee (#4). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed his Petition for a Writ of Habeas Corpus. Petitioner must show cause why the Court should not dismiss this action as untimely.

    In the Eighth Judicial District Court of the State of Nevada, Petitioner pleaded guilty to first degree murder with the use of a deadly weapon. The court sentenced Petitioner to life imprisonment with the possibility of parole after ten years for the murder, and to an equal and consecutive term for the use of a deadly weapon. See Nev. Rev. Stat. §§ 193.165, 200.030 (1987). The Court entered its judgment of conviction on June 24, 1985. Petitioner did not appeal.

    Petitioner filed a state habeas corpus petition on July 17, 2007. The district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed on April 22, 2008. Remittitur issued on May 20, 2008.

    Petitioner mailed his current Petition to this Court on June 13, 2008.

Petitioner incorrectly styles the Petition as pursuant to 28 U.S.C. § 2241. Because he is in custody pursuant to a judgment of conviction of a state court, 28 U.S.C. § 2254 governs this action.

Additionally, Congress has limited the time in which a person in custody pursuant to a judgment of a state court can petition for a writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). Equitable tolling of the period might be available, but the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Petitioner challenges the computation of his parole eligibility. At the time he was sentenced, the Nevada Supreme Court had held prison officials should treat the consecutive terms for an underlying crime with the use of a deadly weapon as one continuous term for the purposes of

release credits. Biffath v. Warden, 593 P.2d 51, 52 (Nev. 1979). The Nevada Supreme Court later extended the same reasoning to parole eligibility. Director, Nevada Dept. of Prisons v. Biffath, 621 P.2d 1113, 1113-14 (Nev. 1981). Then the Nevada Supreme Court overruled the Biffath decisions and determined that prison and parole officials should calculate release credits and parole eligibility separately for each of the consecutive terms. Nevada Dept. of Prisons v. Bowen, 745 P.2d 697, 699-700 (Nev. 1987). The court noted:

> Because this opinion is not foreseeable based on our prior opinions, we conclude that it would be unfair to apply this decision retroactively to the detriment of any prisoner. Accordingly, this opinion shall be applied retroactively to the extent possible, but in no case shall this opinion be applied to the detriment of any prisoner sentenced before the date hereof.

Id. at 700 n.4. In Petitioner's case, the parole board used the Bowen rule, treating separately the sentence for murder and the consecutive sentence for use of a deadly weapon. On the murder sentence, it took no action on parole on December 19, 1994, and it denied parole on April 11, 1995, September 24, 1997, and December 8, 1997. On June 7, 1999, it granted parole, effective October 1, 1999. Petitioner argues that his case falls within Bowen's footnote 4, because now he will not be eligible for parole from his deadly-weapon sentence, and release from incarceration, until 2009, while Biffath would have made him eligible for parole and release from his combined sentences in 2005.

Because Petitioner is not challenging the validity of his judgment of conviction, but the computation of his parole eligibility, the question is when Petitioner knew or should have known the facts that underlie his claims. See 28 U.S.C. § 2244(d)(1)(D). One possible date is the when the Nevada Supreme Court decided Bowen in 1987, because its retroactive application would have alerted Petitioner that parole officials might be changing the methods of computing his parole eligibility. In a memorandum dated January 12, 1998, prison officials notified Petitioner that Bowen would apply to him. Another possible date is when the parole board took no action on paroling Petitioner on December 19, 1994, and denied parole on April 11, 1995, because it was clear that the parole board indeed was using Bowen in Petitioner's case. All of these dates occurred before enactment of § 2244(d), and thus the period of limitation would have started no earlier than April 25, 1996. The parole denials in 1997 would have alerted Petitioner that he would be spending

more than twenty years in prison, because regardless of when he would be paroled from the murder sentence, he still had at least another ten years imprisonment on the deadly-weapon sentence. Finally, with the grant of parole from the murder sentence on June 7, 1999, effective on October 1, 1999, Petitioner knew or should have known that he would be spending at least twenty-four years in prison.

Even if the Court used the latest date, when Petitioner's parole from the murder sentence became effective on October 1, 1999, the Petition still appears to be untimely. Petitioner needed to file a federal habeas corpus petition by October 1, 2000, at the latest. A state habeas corpus petition would have tolled the period, but by the time he filed his state petition on July 17, 2007, the period of limitation had been expired for more than six years. A state petition filed after the federal period had expired does not toll anything. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner needs to show cause why the Court should not dismiss this action.

IT IS THEREFORE ORDERED that the Clerk of the Court shall file the Petition.

IT IS FURTHER ORDERED that, within thirty (30) days from the date on which this order is entered, Petitioner shall show cause why this action should not be dismissed as untimely. Failure to comply will result in the dismissal of this action.

DATED:   July 24, 2008.

_____
ROGER L. HUNT
Chief United States District Judge